**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Angela Brown

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGELA BROWN, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN DEBT PROTECTION,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C §§ 227, ET SEQ.**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff ANGELA BROWN ("Plaintiff Brown" or "Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint ("Complaint") against defendant AMERICAN DEBT PROTECTION ("Defendant") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*., ("TCPA").

///

///

///

///

## INTRODUCTION

1. Plaintiff brings this Complaint against Defendant to stop Defendant from violating the TCPA and invading the privacy of Plaintiff and the putative class by making unsolicited telemarketing calls using a pre-recorded and/or artificial voice without their consent in violation of the TCPA as well as its related regulations under the National Do-Not-Call provision of 47 C.F.R. § 64.1200(c).

2. Plaintiff seeks injunctive and monetary relief for all persons injured by Defendant's unlawful conduct.

3. Defendant made several unauthorized telephone calls to Plaintiff's cellular telephone using an artificial and/or pre-recorded voice for the purpose of soliciting business from Plaintiff.

4. Defendant also transmitted dozens of unsolicited telemarketing text messages to Plaintiff's cellular phone.

5. The TCPA was enacted to protect consumers from unsolicited and unwanted telephone calls exactly like those alleged in this case.

6. In response to Defendant's unlawful conduct, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited artificial and prerecorded voice phone calls as well as an award of statutory damages to the members of the Classes (defined below) per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

7. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violations.

///

///

///



KAZEROUNI LAW GROUP, APC

KAZEROUNI LAW GROUP, APC

## JURISDICTION AND VENUE

9. Pursuant to 28 U.S.C. § 1331, this Court has federal question subject matter jurisdiction over this class action lawsuit as Plaintiff alleges violations of a federal statute.

10. Personal jurisdiction is established because Defendant's principal address is located in Irvine, California. At all times relevant to the Complaint, Defendant conducted business in the State of California, and within this judicial district.

11. Personal jurisdiction and venue are proper in the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (1) the conduct complained of herein occurred from this judicial district; and (2) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

12. Plaintiff is, and at all times mentioned herein was, a citizen of the State of Georgia. Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

13. Upon information and belief, the Defendant is a domestic corporation with its principal place of business located at 18500 Von Karman Suite 200, Irvine, CA 92612. Defendant, and at all times mentioned herein was, a company and a "person," as defined by 47 U.S.C. § 153(39).

## TCPA BACKGROUND

14. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.

15. In doing so, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy…." *Telephone Consumer Protection Act of 1991*, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

16. The TCPA was designed to prevent calls and messages like the one described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for

example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

17. The TCPA restricts telephone solicitations (*i.e.,* telemarketing), as well as violations of the TCPA's Do-Not-Call provision of 47 C.F.R. § 64.1200(c).

18. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11.

19. In addition, 47 C.F.R. § 64.1200(a)(2) states, with respect to advertisement and telemarketing calls—of which Defendant calls to Plaintiff are—that "[n]o person or entity may . . . [i]nitiate or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section, other than a call made with the prior express written consent of the called party . . . ."

20. 47 C.F.R. § 64.1200(f)(8) defines "prior express written consent" as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

21. As of October 16, 2013, unless the recipient has given prior express written consent,[1] the TCPA and Federal Communications Commission ("FCC") rules under the TCPA generally:

[1] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called



KAZEROUNI LAW GROUP, APC

- Prohibit solicitors from calling residences before 8 a.m. or after 9 p.m., local time.
- Require that solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.
- Prohibit solicitations to residences that use an artificial voice or a recording.
- Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.
- Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (*e.g.*, "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.
- Prohibit autodialed calls that engage two or more lines of a multi-line business.
- Prohibit unsolicited advertising faxes.

22. Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (N.D. Ill., Dec. 31, 2012).

//

//

---

advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).



KAZEROUNI LAW GROUP, APC

23. Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

24. With respect to misdialed or wrong-number calls, the FCC recently clarified that "callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, ¶¶ 71-72 (July 10, 2015). "If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such." *Id.* Thus, any second call placed to a wrong number violates the TCPA.

25. The TCPA also established the National Do-Not-Call Registry, as well as the requirement that all businesses that place calls for marketing purposes maintain an "Internal" Do-Not-Call list ("IDNC list").

26. The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]."

27. The TCPA prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry. *Id*. at § 64.1200(d)(3), (6).

28. Individuals acting on behalf of a corporation may be held personally liable under the TCPA when they directly participated in, or personally authorized, the violative conduct.

29. Under general tort principals, corporate officers or agents are personally liable for those torts which they personally commit, or which they inspire or participate in, even though performed in the name of an artificial body.




KAZEROUNI LAW GROUP, APC

30. The TCPA provides for damages in the amount of $500 for each negligent violation and treble damages of $1,500 for each knowing or willful violation. *See* 47 U.S.C. § 227(b)(3).

## FACTUAL ALLEGATIONS

31. Defendant offers, provides, and markets consumer debt-relief and debt-resolution services.

32. In Defendant's overzealous attempt to market its services, Defendant willfully or knowingly conducted (and continues to conduct) unsolicited and prerecorded telemarketing phone calls without the prior express written consent of the Plaintiff and the Class Members who were recipients of such telephone calls.

33. In addition, Defendant transmitted unsolicited telemarketing text messages to Plaintiff and the Class Members who were recipients of such messages.

34. Through this conduct, Defendant has violated the TCPA and invaded the privacy of Plaintiff and the members of the Class.

## FACTUAL ALLEGATIONS AS TO PLAINTIFF

35. At all times relevant to this Complaint, Plaintiff was assigned, and was the owner of, a cellular telephone number ending in – 4556 ("Cell Phone").

36. Plaintiff, ***herself***, registered her Cell Phone with the National Do Not Call Registry on June 20, 2007.

37. Plaintiff is the sole user and/or subscriber of her Cell Phone and is financially responsible for phone service to her Cell Phone.

38. Plaintiff's Cell is used solely for residential purposes.

39. Plaintiff does <u>not</u> use her Cell for any type of business purpose.

40. Plaintiff does <u>not</u> use her Cell for business transactions.

41. Plaintiff does <u>not</u> use her Cell for her employment.

42. Plaintiff's employer does <u>not</u> pay Plaintiff's phone bill.

43. Plaintiff's employer does <u>not</u> reimburse Plaintiff for her phone bill.

44. At no time prior to Defendant first initiating its call to Plaintiff did



KAZEROUNI LAW GROUP, APC

Plaintiff provide Plaintiff's Cell Phone to Defendant through any medium.

45. At no time did Plaintiff ever form or enter into any type of business relationship with Defendant.

46. At no point in time did Plaintiff provide Defendant with her express written consent to be contacted for marketing purposes.

47. At no point in time did Plaintiff provide Defendant with her express written consent to be contacted by Defendant on her Cell Phone via an artificial voice or pre-recorded message.

48. Despite its obligations under the TCPA, Defendant placed numerous unlawful solicitation calls Plaintiff on her Cell Phone beginning in June 2026 through the present.

49. By way of **example *only***, Plaintiff received an unsolicited telemarketing call to her Cell Phone from the phone number, 833-798-6175, with a pre-recorded message, as defined by 47 U.S.C. § 227(a)(1).

50. The pre-recorded message was left by Defendant's employee named "Alex Herrera."

51. The scripted, generic pre-recorded message mentioned credit bureaus running an alleged update and that Plaintiff was "pre-selected for up to $42,200."

52. Mr. Herrara also left his phone number.

53. Plaintiff had no interest in securing this debt consolidation and had never provided Defendant with any of her information.

54. In addition to this call, Plaintiff received additional unsolicited telemarketing calls to her Cell Phone from various other phone numbers wherein Defendant's employees offered Plaintiff similar debt consolidation options and personal loan products.

55. For instance, a "Marcus Webb" called Plaintiff leaving a pre-recorded message indicated offered "pre-selection for a $40,500 hardship personal loan no hard credit check same day."



KAZEROUNI LAW GROUP, APC

56. Plaintiff also received numerous calls from Defendant's employee "Sarah Thompson" offering Plaintiff one of Defendant's products.

57. Due to the cadence and tone of the pre-recorded messages, Plaintiff was able to discern that, at the outset of the calls, there was not a live representative on the line and that Defendant was utilizing a pre-recorded message.

58. Upon information and belief, and based on the circumstances as described above, Defendant called Plaintiff using a pre-recorded message as prohibited by 47 U.S.C. § 227(b)(1).

59. When Plaintiff heard Defendant's message at the outset of the call, Plaintiff was able to determine that it was a pre-recorded message and that she was not speaking to a live person. *See, Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

60. It was evident to Plaintiff that the voice message she heard was pre-recorded because, *inter alia*: (a) the generic content of the voice message; and (b) the tone, cadence and inflection of the voice message, which sounded to the Plaintiff's ears like a pre-recorded message, rather than a personal voice message that was placed personally for the Plaintiff by a live human being on the line.

61. Plaintiff has previously received both pre-recorded voice messages and regular non-prerecorded voice messages, and can differentiate the characteristics and sounds of a pre-recorded voice message in contrast to an ordinary voice message.

62. Based on the Plaintiff's own personal experience, the voice message received from Defendant clearly sounded like a pre-recorded voice message.

63. In addition to dozens of telemarketing calls made using an artificial or prerecorded voice, Plaintiff received dozens of unsolicited text message advertisements.

KAZEROUNI LAW GROUP, APC

64. Just like the telemarketing calls, the text messages referenced pre-approved hardship personal loans with "no hard credit check," and "same day funding available."

65. On two occasions, Plaintiff called the phone numbers that were provided in the text messages transmitted to her cell phone in June 2026 as well as the telemarketing calls made to her cell phone in June and July 2026.

66. Specifically, on August 13, 2026, Plaintiff spoke to Defendant's employee, Paul Simms. After a brief discussion, Mr. Simms sent Plaintiff a text message confirming that the calls and texts originated with his company and sent the web address "https://americandebtprotection."

67. Three days later, Plaintiff spoke to Defendant's employee named Mark. After the call, Mark sent Plaintiff a text message confirming that the calls and texts originated from "American Debt Protection."

68. By transmitting the aforementioned text messages and making the telemarketing calls, Defendant patently violated 47 U.S.C. § 227(b).

69. Moreover, Defendant violated the TCPA's National Do-Not-Call regulations.

70. Pursuant to 47 U.S.C. § 227(c)(3)(F), Defendant is required to check the National Do Not Call Registry before attempting to transmit a telephone solicitation to the telephone number of any subscriber included in the National Do Not Call Registry.

71. Defendant's telephone calls and text messages constituted telephone solicitations pursuant to 47 C.F.R. § 64.1200(c), as they were an attempt to promote or sell Defendant's services.

72. Plaintiff was deeply inconvenienced by the calls.

73. Receiving Defendant's repeated unauthorized calls and pre-recorded voice messages drained Plaintiff's phone batteries, consumed space on Plaintiff's cell phones, and caused Plaintiff additional electric expenses and wear and tear on their phones and batteries.



KAZEROUNI LAW GROUP, APC

74. Plaintiff was personally affected because Plaintiff was frustrated, distressed, disturbed, and felt harassed that Defendant continued to direct unsolicited and unauthorized phone calls and messages to Plaintiff's cell phone.

75. Defendant's telephonic communications forced Plaintiff to be deprived of the privacy and utility of Plaintiff's cell phone by forcing Plaintiff to ignore or reject Defendant's disruptive calls, pre-recorded voice messages, dismiss alerts, and/or silence their cell phones because of Defendant's incessant unsolicited telephone calls.

76. The TCPA was intended to give individuals control over how and where they receive telephonic communications.

77. When Defendant placed the calls to Plaintiff without Plaintiff's consent, Defendant failed to address or respect the limitations imposed by the TCPA.

78. In doing so, Defendant invaded Plaintiff's privacy and violated the spirit and intent behind the TCPA.

79. Defendant's violations caused Plaintiff to suffer real and concrete harm in the form of intrusion and distraction, wasted time, wasted cellular phone battery, loss of cellular phone use, and natural and foreseeable stress and frustration in connection with the foregoing, all of which the TCPA was designed to prevent.

80. Based on the foregoing, Plaintiff has reason to believe that Defendant has called thousands of wireless telephone customers with pre-recorded messages to market its products and services without prior express written consent.

81. Based on the foregoing, Defendant does not maintain a written policy, available upon demand, for maintaining a do-not-call list, as required by 47 C.F.R. § 64.1200(d)(1).

82. Based on the foregoing, Defendant does not train their employees or agents who are engaged in telemarketing on the existence and use of any do-not-call list, as required by 47 C.F.R § 64.1200(d)(2).

83. Based on the foregoing, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in

violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including the Do-Not Call provision in 47 C.F.R. § 64.1200(c).

84. Through the aforementioned conduct, Defendant repeatedly violated the TCPA.

## CLASS ACTION ALLEGATIONS

85. Plaintiff brings this action pursuant to Rule 23(b)(2) and/or Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of the following Classes, which are defined as follows:

Prerecorded Voice Class

> All persons within the United States who received any telephone call(s) from Defendant or its agent(s) to said person's cellular telephone made through the use of an artificial or prerecorded voice within the four years prior to the filling of the Complaint.

DNC Class

> All persons within the United States (1) registered on the National Do Not Call Registry for at least 31 days, (2) who received more than one telephone solicitation (3) made by or on behalf of Defendant, (4) for the purpose of promoting Defendant's goods or services, (5) within any twelve-month period, (6) within the four years prior to the filing of the Complaint

86. Excluded from both Classes are Defendant, its officers and directors, members of its immediate families and its legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

87. Plaintiff reserves the right to redefine the Classes and to add subclasses as appropriate based on discovery and specific theories of liability.

88. Further, Plaintiff and members of the Classes were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class Members via their telephones, whether cellular telephones or otherwise, for solicitation purposes, thereby invading



KAZEROUNI LAW GROUP, APC

the privacy of said Plaintiff and the Class Members who opted out from any communication from Defendant, thereby causing annoyance to Plaintiff and the Class and also invading the privacy of Plaintiff and the Classes. Plaintiff and the Class Members were damaged thereby.

89. Numerosity: At this time, Plaintiff does not know the exact number of Class Members, but among other things, given the nature of the claims and that Defendant's conduct consisted of a standardized pre-recorded voice calls made to numerous telephone numbers. Plaintiff believes, at a minimum, there are greater than forty (40) Class Members. Plaintiff believes that the Classes are so numerous that joinder of all members of the Classes are impracticable and the disposition of their claims in a class action rather than incremental individual actions will benefit the Parties and the Court by eliminating the possibility of inconsistent or varying adjudications of individual actions.

90. Upon information and belief, a more precise Class size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's phone call logs and call records.

91. Members of the Classes may additionally or alternatively be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

92. Ascertainability: The members of the Classes are ascertainable because the Classes are defined by reference to objective criteria. In addition, the members of the Classes are identifiable in that, upon information and belief, their cellular telephone numbers, names and addresses can be identified in business records maintained by Defendant and/or by third parties.

93. Typicality: As a person who received numerous telephone solicitations from Defendant within a 12-month period, who did not have an established business



KAZEROUNI LAW GROUP, APC

relationship or personal relationship with Defendant, and who did not provide Defendant prior express invitation or permission to receive telephone solicitations, Plaintiff is asserting claims that are typical of the Classes. Plaintiff will fairly and adequately represent and protect the interests of the Classes in that Plaintiff has no interests antagonistic to any member of the Classes.

94. Plaintiff and members of the Classes each received at least one telephonic sales call, advertising Defendant's services, without prior express written consent, which Defendant made or caused to be made to Plaintiff and the members of the Classes.

95. Plaintiff's claims are typical of the claims of the members of the Classes. Plaintiff has had to suffer the burden and invasion of privacy of receiving unsolicited phone calls to Plaintiff's cellular telephone from Defendant while Defendant had no express written consent to contact Plaintiff. Thus, Plaintiff's injuries are typical to Class Members.

96. Plaintiff's claims, and the claims of the members of the Classes, originate from the same conduct, practice and procedure on the part of Defendant.

97. Plaintiff's claims are based on the same theories, as are the claims of the members of the Classes.

98. Plaintiff and Class Members were harmed by the acts of Defendant in at least the following ways: Defendant harassed Plaintiff and Class Members by illegally placing unsolicited calls, including calls utilizing artificial or prerecorded voice messages, to their cellular phones without prior express consent. Plaintiff and the Class Members suffered injuries, including invasion of privacy, and were damaged thereby.

99. <u>Adequacy</u>: Plaintiff is qualified to, and will fairly and adequately protect the interests of the members of the Classes with whom Plaintiff is similarly situated, as demonstrated herein. Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the



KAZEROUNI LAW GROUP, APC

interests of the members of the Classes. Plaintiff will vigorously pursue the claims of the members of the Classes. Plaintiff has retained counsel experienced and competent in class action litigation. Plaintiff's attorneys, the proposed Class Counsel, are well-versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of the TCPA. Plaintiff's counsel will assert, protect and otherwise represent the members of the Class. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

KAZEROUNI LAW GROUP, APC

100. Predominance: The questions of law and fact common to the members of the Classes predominate over questions that may affect individual members of the Class. The elements of the legal claims brought by Plaintiff and Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

101. Commonality: There are common questions of law and fact as to all members of the Classes, including but not limited to the following:

- What is Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing phone calls;
- Whether Defendant initiated unsolicited phone calls, including calls utilizing an artificial or pre-recorded voice, to Plaintiff and Class members;
- How Defendant obtained the numbers of Plaintiff and Class members;
- Whether Defendant can meet its burden of showing that it had prior express written consent to conduct such phone calls;
- Whether Defendant willfully or knowingly violated the TCPA;
- Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation;
- Whether Plaintiff and the members of the Classes are entitled to statutory

damages, treble damages, and attorney fees and costs for Defendant's acts and conduct;

- Whether Plaintiff and members of the Classes are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct; and
- Whether Plaintiff and the Classes are entitled to any other relief.

99. Superiority: A class action is superior to all other available methods for the fair and efficient adjudication of this matter because:

- If brought and prosecuted individually, the claims of the members of the Classes would require proof of the same material and substantive facts.
- The pursuit of separate actions by individual members of the Classes would, as a practical matter, be dispositive of the interests of other members of the Classes, and could substantially impair or impede their ability to protect their interests.
- The pursuit of separate actions by individual members of the Classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.
- These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Classes.
- The damages suffered by each individual member of the Classes may be relatively modest, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Classes to redress the wrongs done to them.
- Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.



KAZEROUNI LAW GROUP, APC

KAZEROUNI LAW GROUP, APC

- The pursuit of Plaintiff's claims, and the claims of the members of the Classes, in one forum will achieve efficiency and promote judicial economy.
- There will be little difficulty in the management of this action as a class action.

100. <u>Class-Wide Injunctive Relief</u>: Moreover, class certification is warranted because Defendant has acted on grounds generally applicable to Plaintiff and members of Classes, thereby making appropriate final injunctive relief with respect to Plaintiff and Class Members as a whole. Plaintiff seeks injunctive relief on behalf of Class Members on grounds generally applicable to the entire Class in order to enjoin and prevent Defendant's ongoing violations of the TCPA, and to order Defendant to provide notice to them of their rights under the TCPA of statutory damages and to be free from unwanted phone calls.

101. Defendant has acted or refused to act on grounds generally applicable to the members of the Classes, making final declaratory or injunctive relief appropriate.

102. Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Classes will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class Members' claims, few, if any, Class Members could afford to seek legal redress for the wrongs complained of herein.

103. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with applicable law. The interest of Class Members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

104. Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful conduct.

105. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class Members and it expressly is not intended to request any recovery for personal injury and claims related thereto.

**COUNT I**

**VIOLATIONS OF THE TCPA, 47 U.S.C. §§ 227, ET SEQ.**

**[ON BEHALF OF PLAINTIFF AND THE PRE-RECORDED VOICE CLASS]**

106. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

107. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, et seq.

108. Defendant and/or their agents placed at several unauthorized calls to Plaintiff's cellular telephones using an artificial and/or prerecorded voice without Plaintiff's prior express consent.

109. As a result of Defendant's conduct and pursuant to § 227(c)(5) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation and a maximum of $1,500 in statutory damages for willful violations.

110. As a result of Defendant's violations of the TCPA, Plaintiff is entitled to and seek injunctive relief prohibiting such conduct by Defendant violating the TCPA in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

111. Plaintiff also seeks an award of attorneys' fees and costs on behalf of Plaintiff and the Pre-Recorded Voice Class.

KAZEROUNI LAW GROUP, APC

## COUNT II

## VIOLATIONS OF THE TCPA, 47 U.S.C. §§ 227, ET SEQ.

## [ON BEHALF OF PLAINTIFF AND THE DNC CLASS]

112. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

113. Defendant's and/or its agents placed unsolicited phone calls to Plaintiff and the other members of the Class.

114. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State.

(A) An action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

(B) An action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or

(C) Both such actions.

115. Defendant's – or third parties directed by Defendant dialed numbers to make non-emergency telephone calls to the telephones of Plaintiff and the Class.

116. Defendant's conduct was negligent, willful, or knowing.

117. Defendant knew or should have known that it did not have prior express written consent to conduct these phone calls in violation of the TCPA.

118. Defendant negligently, willfully, and/or knowingly allowed unsolicited phone calls to be made to Plaintiff and Class members.

119. For instance, Defendant could have determined from a review of its own business records that it did not have the required prior express written consent to contact Plaintiff and/or Class members in such a manner yet disregarded such information and made the illegal and unwanted phone calls to Plaintiff and the Class.

120. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*

121. Defendant has, therefore, violated 47 U.S.C. § 227.

122. As a result of Defendant's violations, Plaintiff and each of the Class Members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation and an award of $1,500.00 in statutory damages for each and every willing or knowing violation.

123. As a result of Defendant's violations, Plaintiff, and the members of the Class, are entitled to damages in an amount to be proven at trial.

124. Plaintiff also seeks an award of attorneys' fees and costs on behalf of Plaintiff and the Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of the Classes, respectfully requests the following relief against Defendant:

- An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Plaintiff's counsel as Class Counsel;
- Injunctive relief prohibiting Defendant from engaging in such conduct in the future;
- Statutory damages of $500.00 for Plaintiff and each member the Pre-Recorded Voice Class for each and every one of Defendant's negligent violations;
- Statutory damages of $500.00 for Plaintiff and each member the DNC Class for each and every one of Defendant's negligent violations;
- Statutory damages of $1,500.00 for Plaintiff and each member of the Pre-Recorded Voice Class for each and every one of Defendant's willful or knowing violations;

KAZEROUNI LAW GROUP, APC

- Statutory damages of $1,500.00 for Plaintiff and each member of the DNC Class for each and every one of Defendant's willful or knowing violations;
- A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;
- An award of attorneys' fees and costs to counsel for Plaintiff and the Class;
- Pre-judgment and post-judgment interest on monetary relief; and
- All other and further relief as the Court deems necessary, just, and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, individually and on behalf of the Classes, demands a jury trial on all issues so triable.

Dated: October 8, 2026

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: */s/ David J. McGlothlin*
David J. McGlothlin, Esq.
*Attorneys for Plaintiff*